CITED *in State* v. *Jersey City,* 5 *Vr.* 401.

---

## THE STATE (GEORGE HANCE, PROSECUTOR,) v. RICHARD A. SICKLES, COLLECTOR.

1. A vote by the inhabitants of a township at town meeting to raise for schools "all the law allows," as it can be rendered certain, is sufficient, and the assessment made by virtue of it will not be set aside on *certiorari.*

2. A resolution at a town meeting to raise for general township expenses as much as the township committee shall direct, or in these words, " ways and means left to the committee," is illegal; and a tax assessed to raise a sum directed by the committee by virtue of such vote is illegal, and will be set aside: the power of directing how much money shall be raised for town purposes is vested in the town meeting, and cannot be delegated.

This was a *certiorari,* directed to the collector of the township of Shrewsbury, in the county of Monmouth, to render into this court the assessment of taxes upon the prosecutor.

The cause was argued in the branch court, before Justices ELMER and POTTS. The facts of the case appear in the opinion of the court, delivered by

ELMER, J. It appears, by the depositions and exhibits submitted to us, that at the annual town meeting for the township of Shrewsbury, in the county of Monmouth, held on the eleventh day of March, 1851, pursuant to law, the inhabitants voted to raise—for roads, the sum of five hundred dollars, for

the poor, the sum of five hundred dollars, for schools, "all the law allows," and "ways and means left to the committee." Claiming to act, as it would seem, under the authority of these votes, the township committee, on the fifth of September ensuing, made an order, directed to the assessor, and purporting to be signed by a clerk *pro tem.*, in the following words: " You are hereby notified to assess four thousand nine hundred dollars to defray current expenses of the township for the present year, for roads, bridges, paupers, public schools, and incidentals. N. B. The county and state tax is not included in the above."

To the sum thus ordered the assessor added the sum of eleven hundred eighty-four dollars, thirty-one cents, being the amount of county tax apportioned to the township, and made out his duplicate for the sum of six thousand and sixty dollars, eighty cents. The prosecutor's proportion of this assessment was the sum of one hundred and forty dollars and eighty cents.

The school money apportioned to the township amounted to four hundred ninety-nine dollars and one cent. Double this sum was all the town meeting was authorized at that time to raise for schools. A resolution to raise " all the law allows" is somewhat vague; but, the amount being readily ascertained by the assessor, it would perhaps be too strict to consider it wholly void and inoperative. If the sum thus ordered to be raised for schools be added to the one thousand dollars ordered for the roads and the poor and the county tax, the total amount the assessor was authorized to assess will be the sum of three thousand one hundred and eighty-two dollars, thirty-two cents, and the fees of assessing, collecting, and paying the same. The residue was illegal, and, so far as the prosecutor is concerned, must be set aside. It was decided at the last term of this court, in the case of *The State* v. *Bently*, that the assessor has no right to add any thing for losses or other contingencies.

As to the order of the township committee, it was wholly illegal, and gave no authority to the assessor to increase the sum voted by the town meeting. The power vested in the inhabitants to order money to be raised by tax, is in itself a

delegated power, and cannot be transferred to the town committee or any other officers.  By law the committee is empowered to "examine, inspect, and report to the annual, or other town meetings, the accounts and vouchers of the township officers, and to superintend the expenditure of any moneys raised by tax for the use of the township, or which may arise from the balance of the accounts of any of the township officers" (*Rev. Stat.* 1024), but has no power to order any money to be raised which is not specially voted by the town meeting. The inhabitants composing the town meetings have themselves no general power to vote money at their discretion, but are confined to raising it for such legal objects as are by law expressly vested in them.  *Rev. Stat.* 1023, § 11.  A vote, therefore, to raise a specified sum for "ways and means" would be illegal.  Much more was it unwarranted to confer a power on the committee to raise for ways and means such sum as they might deem expedient.

The result, therefore, is that the prosecutor's proportion of the sum assessed, beyond what was authorized by the town meeting and the board of freeholders and the fees of assessing and collecting, must be deducted from his tax, and the residue affirmed.  There being no evidence before us showing how much was properly added for fees, a commissioner must be appointed, in pursuance of the practice adopted by the court, to ascertain and report the deduction that ought to be made, upon the principles I have stated.